RE: REQUEST FOR CONFLICT OF INTEREST RULING (LEGISLATORS)
THIS WILL RESPOND TO YOUR REQUEST FOR THE OPINION OF THE ATTORNEY GENERAL WITH RESPECT TO A POTENTIAL CONFLICT OF INTEREST SITUATION OUTLINED IN YOUR LETTER TO THIS OFFICE. YOU STATE THAT YOU OWN AN INSURANCE AGENCY WHICH FOR SEVERAL YEARS HAS ISSUED PERFORMANCE AND PAYMENT BONDS, THROUGH SEVERAL INSURANCE COMPANIES, WHICH BONDS ARE REQUIRED BY STATE STATUTE, 61 O.S. 1 (1981). THE PROVISION OF LAW MOST POTENTIALLY APPLICABLE TO YOUR INQUIRY IS THE OKLAHOMA CONSTITUTION, ARTICLE V, SECTION 23 WHICH READS AS FOLLOWS:
 "NO MEMBER OF THE LEGISLATURE SHALL, DURING THE TERM FOR WHICH HE WAS ELECTED, BE APPOINTED OR ELECTED TO ANY OFFICE OF COMMISSION IN THE STATE, WHICH SHALL HAVE BEEN CREATED, OR THE EMOLUMENTS OF WHICH SHALL HAVE BEEN INCREASED, DURING THE TERM OF OFFICE, NOR SHALL ANY MEMBER RECEIVE ANY APPOINTMENT FROM THE GOVERNOR, THE GOVERNOR AND SENATE, OR FROM THE LEGISLATURE, DURING THE TERM FOR WHICH HE SHALL HAVE BEEN ELECTED. NOR SHALL ANY MEMBER, DURING THE TERM FOR WHICH HE SHALL HAVE BEEN ELECTED, OR WITHIN TWO YEARS THEREAFTER. BE INTERESTED. DIRECTLY OR INDIRECTLY, IN ANY CONTRACT WITH THE STATE. OR ANY COUNTY OR OTHER SUB-DIVISION THEREOF, AUTHORIZED BY LAW PASSED DURING THE TERM FOR WHICH HE SHALL HAVE BEEN ELECTED."
THE EMPHASIZED LANGUAGE PROHIBITS LEGISLATORS FROM HAVING AN INTEREST, DIRECT OR INDIRECT, IN ANY CONTRACT WITH THE STATE.
THERE ARE TWO ISSUES POTENTIALLY RAISED BY YOUR LETTER: FIRST, WHETHER THE PERFORMANCE AND PAYMENT BONDS REQUIRED BY STATUTE ARE "CONTRACTS WITH THE STATE" AND SECOND, WHETHER THE ACTIVITIES OF YOUR AGENCY IN ARRANGING SUCH BOND CONTRACTS BETWEEN VARIOUS INSURANCE COMPANIES AND THE PRIVATE CONTRACTORS, CONSTITUTES A DIRECT OR INDIRECT INTEREST IN A CONTRACT WITH THE STATE. UNLESS BOTH QUESTIONS ARE ANSWERED IN THE AFFIRMATIVE, IT WOULD APPEAR THAT YOUR ACTIVITIES DO NOT VIOLATE ARTICLE V, SECTION 23 OF THE CONSTITUTION.
ALTHOUGH THERE IS SOME LIMITED AUTHORITY FOR THE PROPOSITION THAT AN INSURANCE COMPANY WHICH ISSUES A BOND HAS A CONTRACT WITH THE STATE, THERE IS NO AUTHORITY FOR THE PROPOSITION THAT AN INSURANCE AGENCY WHICH BROKERS SUCH A CONTRACT HAS ANY CONTRACTUAL RELATIONSHIP WITH THE STATE WHATEVER. THE FACT THAT STATE HIGHWAY FUNDS, WHICH ARE COMMITTED THROUGH A COMPETITIVE BID PROCESS, ARE EVENTUALLY USED BY THE WINNING CONTRACTOR TO PURCHASE VARIOUS GOODS AND SERVICES, SOME OF WHICH MAY BE REQUIRED BY STATUTE, DOES NOT PLACE THE LEGISLATOR-VENDOR OF THOSE GOODS AND SERVICES IN VIOLATION OF ARTICLE V, SECTION 23. TO HOLD OTHERWISE, WOULD BE TO BRING A VARIETY OF ACTIVITIES, WHICH COULD NOT HAVE BEEN INTENDED BY THE FRAMERS OF THE CONSTITUTION, WITHIN THE SCOPE OF ARTICLE V, SECTION 23.
THEREFORE, YOUR QUESTION MAY BE ANSWERED AS FOLLOWS, YOUR ACTIVITY AS THE OWNER OF AN INSURANCE AGENCY WHICH ACTS AS AN AGENT FOR INSURANCE COMPANIES IN PROVIDING STATUTORY PERFORMANCE IN PAYMENT BONDS TO COMPANIES WHICH ARE REQUIRED TO PROVIDE SUCH BONDS AS A CONDITION FOR DOING BUSINESS WITH THE STATE DOES NOT VIOLATE THE OKLAHOMA CONSTITUTION. INCIDENTALLY, I HAVE ALSO REVIEWED THE APPLICABLE STATUTORY PROHIBITIONS COVERING CERTAIN ACTIVITIES BY LEGISLATORS, FOUND AT 74 O.S. 4246 (1988), AND FIND THAT NONE OF THOSE PROVISIONS ARE IMPLICATED BY YOUR REQUEST. I HOPE THAT THIS LETTER IS SUFFICIENTLY RESPONSIVE TO YOUR INQUIRY.
(NED BASTOW)